JOHN W. MOORE, Administrator, Etc., Plaintiff in Error, v. JAMES BRUCE, Defendant in Error.

Kansas City Court of Appeals, November 1, 1897.

Action: BILL TO CHARGE ALLOWANCE AGAINST THE ESTATE ON LAND IN POSSESSION OF THE HEIR. An administrator who has not paid an allowance against the estate for taking care of the decedent in his old age, can not maintain a bill to charge such allowance upon land conveyed to the heir in consideration of such support of the decedent.

*Error to the Moniteau Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*John R. Walker* and *W. M. Williams* for plaintiff in error.

(1) Abraham Rimel having executed the agreement reciting that the consideration for the lands was the support, maintenance and furnishing of a home to his mother, Kesiah Rimel, it operated as an equitable mortgage of the premises, and any subsequent purchaser with notice of the agreement could occupy no more favorable position than Abraham Rimel, and they took the land subject to such equitable mortgage. *Chase v. Peck*, 21 N. Y. 581; *Estate of Goodrich*, 38 Wis. 492; 2 Pom. Eq. Juris. [1, Ed.], sec. 1007; *Cornelius v. Smith*, 55 Mo. 528; *Messersmith v. Messersmith*, 22 Mo. 369; *McClure v. Cook*, 20 S. E. Rep. 612; *Hutchinson v. Hutchinson*, 46 Me. 154; *Tucker v. Tucker*, 24 Mich. 426; *Copeland v. Copeland*, 89 Ind. 29; *Bogie v. Bogie*, 41 Wis. 209; *Leach v. Leach*, 4 Ind. 628; *Wilder v. Whittemore*, 15 Mass. 262. (2) Abraham Rimel, the person who was to furnish the

home, support and maintenance, having died, then his heirs, executors and administrator should have furnished the same, and the property should not be disposed of even to pay the debts of the said Abraham Rimel so as to evade this obligation. *Eastman v. Batchelder*, 36 N. H. 141; *Bethlehem v. Annis*, 40 N. H. 34; *Shirley v. Shirley*, 59 Pa. St. 269; *Ringrose v. Ringrose*, 42 Cen. Law Journal, 8; *Stanton v. Allen*, 32 S. C. 587.

*John Cosgrove* and *James E. Hazell* for defendant.

(1) The administrator of Kesiah Rimel is not the proper party to enforce the collection of a judgment rendered against her estate in favor of Michael Copp. R. S. 1889, sec. 92; *Merry v. Fremon*, 44 Mo. 518; *Jackman v. Robinson*, 64 Mo. 289; *Zoll, Adm'r, v. Soper*, 75 Mo. 460. (2) The land having been conveyed by deed from Kesiah Rimel to her son Abraham Rimel, on a condition to be thereafter performed by the said Abraham Rimel, or his assigns being in possession, the remedy was for the said Kesiah or her heirs to enter as for condition broken. A stranger can not take advantage of the failure of Abraham Rimel to comply with the condition of the deed. *Knight v. R'y*, 70 Mo. 231–237; *Jones v. R'y*, 79 Mo. 92–96, 97; *Ellis v. Kyger*, 90 Mo. 600–606; *Mo. Hist. Society v. Academy of Science*, 94 Mo. 459–466; *Messersmith v. Messersmith*, 22 Mo. 369; 1 Leading Cases of American Law Real Property, p. 142, commence in line 30; *Fonda v. Sage*, 46 Barb. 109–122; *Schulenburg v. Harriman*, 21 Wall. 44–62; Leading Cases of American Law Real Prop., commence line 9, p. 141. (3) The deed from Kesiah Rimel to Abraham Rimel, her son, was upon a condition subsequent. *Richter v. Richter*, 1 N. E. Rep. 698; 2 Washburn, Real Prop. 7; 1 Leading Cases of Am. Law of

Real Prop., p. 126, 14th line, and p. 128, 5th line; Tiedeman on Real Estate, secs. 273 and 274; *Weinrich v. Weinrich*, 18 Mo. App. 364.

GILL, J.—This is a suit brought by plaintiff Moore as administrator of Mrs. Kesiah Rimel, deceased, whereby it is sought to have the court declare and enforce the judgment of a third party against certain lands which once belonged to said Mrs. Rimel. The petition alleges that Mrs. Rimel during her life conveyed the land to her son, Abraham Rimel, for the consideration or condition that said son would support and maintain her during the period of her life. That shortly thereafter the said Abraham Rimel died and that his heirs and legal representatives failed to furnish the said Mrs. Rimel with support and that she was forced to secure the same elsewhere, which she did, and therefor incurred a liability to a third party in the sum of $905 and which liability was subsequently proved up and reduced to a judgment against said Mrs. Rimel's estate. It is further alleged that the land was sold in partition of the Abraham Rimel estate; that one Allen purchased at the sheriff's sale; that defendant Bruce subsequently bought from Allen, and that both these parties had notice of the conditions under which Mrs. Rimel conveyed to her son Abraham.

STATEMENT.

The petition concludes with a prayer that the said judgment for $905 be declared a lien on said land and that the same be sold for the payment thereof.

The trial court sustained a demurrer to the petition on the ground that it appears on the face of the petition that the plaintiff is not a proper party and has no interest in the suit. Plaintiff brings the case here by writ of error.

It seems clear to us that the ruling of the circuit

court was correct, and its judgment must therefore be affirmed. According to the allegations of the petition the plaintiff has no interest in the judgment rendered against the estate of which he is administrator. It stands simply as an adjudged demand in favor of another party and against the estate of which he has charge, nothing more. The administrator has never paid the demand and there is nothing then upon which to base a claim against the defendant or those from whom the latter acquired the land.

ACTION: bill to charge allowance against the estate on land in possession of the heir.

Judgment affirmed.    All concur.